McAllister *vs.* The State.

---

No. 106.—JOHN G. MCALLISTER, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant.

[1.] Several persons are indicted for a riot. All except one continue their case. He demands a trial. The Court refuses a trial. He then insists that his demand shall, under the Code, be put upon the minutes: *Held,* 1st. That by law, he could not be tried then. 2d. That by law, he could not demand to be tried then.

Indictment for riot, in Cass Superior Court. Tried before Judge IRWIN, March Term, 1855.

The plaintiff in error was indicted, together with seven others, for a riot.

At March Term, 1855, all the other defendants having continued their case, McAllister announced himself ready for trial. The Court refusing to try him separately, he moved to place on the minutes a demand for trial. This also the Court refused; and on these decisions error is assigned.

UNDERWOOD, for plaintiff in error.

MILNER, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

Section fifty of the fourteenth division of the Penal Code is as follows: "When two or more defendants shall be jointly indicted for the same offence, any one defendant may be tried separately, except such offences as require the action and concurrence of two or more to constitute the crime; and in such cases the defendants shall be tried jointly." (*Cobb's Dig.* 841.)

In 1836, this section was amended so as to make "it lawful for the Superior Courts to try two or more" of the persons charged with such offences as those of the latter sort. (*Ibid, Ibid.*)

[1.] The offence charged in this case being a riot, an offence, to constitute which, the concurrent action of two or more persons is necessary, the Court could not, without disregarding these provisions of the law, try one of the accused by himself. This is plain. The Court was right, therefore, in refusing to try McAllister.

Nor was the Court wrong in refusing to let his demand be entered on the minutes. It is true that section eighteen of division fourteen of the Penal Code is as follows: "Any person against whom a true bill of indictment is found for an offence not affecting his or her life, may demand a trial at the term when the indictment is found, or at the next succeeding term

thereafter, which demand shall be placed upon the minutes of the Court; and if such person shall not be tried at the term when the demand is made, or at the next succeeding term thereafter, *provided*, there were Juries impannelled and qualified to try such prisoner, then he or she shall be absolutely discharged of the offence charged in the indictment." But this section is to be construed with the two sections already mentioned, and the construction is to be such that all of the sections may, if possible, stand.

Now the only construction which will effect this, is one which brings out the following result: any person indicted by himself or with others, &c. may, by himself, demand a trial at the term at which the indictment shall have been found, &c. *provided the offence with which he stands indicted, is one which admits of his being tried by himself, and not otherwise, &c. &c.* For when the two later sections say, as they do, in effect, that in such cases it shall not be lawful to try one defendant by himself, they say that it shall not be lawful for one defendant to demand to be tried by himself.

So we think the Court below was again right, in refusing to allow the demand to be entered on the minutes.